Dear Mayor Janzen:
You requested an opinion from this office regarding the legality of Town of Benton Ordinance No. 312 of 1997. You have also requested an opinion regarding whether the elected Chief of Police would be required to obey this ordinance.
The Ordinance provides as follows:
 Those vehicles that are assigned to each department will be marked the same as other vehicles in that department with visible vehicle numbers, lights, light bars, decals and any other items pertinent to its' departmental assignment. All vehicles assigned to each department — i.e., streets, water, administration and police will be marked the same as others within that department without exception.
 No vehicles owned by the Town of Benton will be utilized for personal use and taken out of the Town limits except on official business of the Town unless subsequent prior authorization is received from the Mayor. This will include all vehicles assigned to the Town of Benton Police Department. There will be no passengers allowed in any vehicle belonging to the Town of Benton (including family and friends) except for official business.
 Any individual caught abusing a vehicle in any way will be subject to termination. Any individual who damages or causes a vehicle to be damaged and does not report same damage to the Mayor, and has repairs done on his own will be subject to termination.
 All vehicles will have a daily trip ticket. Trip tickets will show beginning and ending mileage for the day and will be turned in to the office of the Town clerk on a daily basis.
 Unless an individual lives within the Town limits and is on call, all vehicles are to be stored in the fenced area at the Town Maintenance barn.
 This Ordinance will become effective immediately upon passage.
LSA-R.S. 33:362A(1)(3) grants the municipal body the power by ordinance to adopt policies and procedures regulating the employment of all municipal employees.
LSA-R.S. 33:423 subjects the chief of police directly to this supervisory authority. "He shall perform all other duties required of him by ordinance."
The Louisiana Supreme Court in Lentini v. City ofKenner, 211 So.2d 311 (La. 1968), said that the Chief of police is granted certain inherent powers which gives him the authority to control city police property. He has the duty to enforce all ordinances and applicable state laws within the municipality and perform all other duties required of him by ordinance. The chief of police's authority to enforce all ordinances and laws also includes the grant of certain inherent powers which are necessary for him to effectively carry out his duties.
In the case of Cogswell v. Town of Logansport,321 So.2d 774 (La.App. 2nd Cir. 1975), it was said that the general responsibility for law enforcement granted to a chief of police means the power to supervise the operation of the police department and assign its personnel and equipment, subject to the statutory authority exercisable by the mayor and the board of aldermen. Therefore, the chief of police has the general responsibility for law enforcement in the municipality, supervisory powers over police property and personnel, and other powers which may be delegated by the local governing authority.
Because the Ordinance No. 312 prohibits only the unauthorized personal use of these vehicles, it is our opinion that the ordinance does not infringe on the chief of police's inherent powers. It should be noted here, however, that there have been numerous opinions from this office authorizing the twenty-four hour use of a police vehicle by a chief of police in the exercise of his official duties such as being on "call" in case of an emergency.
With regard to the section of the ordinance dealing with the marking of vehicles, Attorney General Opinion No. 93-75 addressed that issue. In that opinion we concluded that an ordinance regulating the use of police vehicles is a valid exercise of the legislative power vested in the board of aldermen. The board of aldermen may by ordinance instruct the chief of police to mark all police vehicles with decals. There is, however, an exception to that authority under the provisions of LSA-R.S. 49:121. That statute provides that all government vehicles be duly marked, inscribed, painted, decaled, or stenciled conspicuously with an insignia or name of the board, commission, department, agency or subdivision of the state to which the vehicle belongs or may be used. Subsection D, provides that the individual who places the purchase order for the vehicle is responsible for insuring that the insignia is placed upon purchase property. Subsection E, provides that those automobiles used in crime prevention in the detection and similar investigative work which, if identified as required by the section, could not be used effectively are exempt from the provisions of this part. The question arose as to which municipal officer, the mayor or the chief of police is responsible for determining whether these vehicles come within the exception noted within Subsection E.
In Attorney General Opinion No. 93-83, we said that the mayor is responsible for the supervision, administration, and operation of all municipal departments, pursuant to LSA-R.S. 33:404(A)(1). An exception to this general rule is provided in the same statute for those chiefs of police who are duly elected by the general public. LSA-R.S. 33:423, provides that a chief of police has the general responsibility of law enforcement and performance of all duties required by any municipal ordinance. This statute has been interpreted to provide that the power to supervise the operation of the police department and assign its personnel and equipment has been delegated to the chief of police. Accordingly, it is the opinion of this office that the chief of police is the person responsible for making the determination as to whether the vehicle falls within the exemption provided by LSA-R.S. 49:121, Subsection E.
With regard to the ordinance requiring the use of daily trip tickets for vehicles, this question was addressed in Attorney General Opinion No. 82-1165. It was the opinion of this office that in accordance with LSA-R.S. 33:404, the mayor may require any officer of the municipality to exhibit his accounts or other papers, and to make report to the board of aldermen, in writing, on any matter pertaining to this office, including the readings of an odometer of police vehicles, an accounting of the trips made in the police vehicle and the purpose of such trips.
In conclusion, it is the opinion of this office that the ordinance cited above, is enforceable, subject to the chief of police's determination as to whether certain police vehicles fall within the exemption provided by LSA-R.S. 49:121, Subsection E.
If this office can be of further assistance, or if you would like to discuss this matter further, please contact our office at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, jr.:glb
Date Received: Date Released:
Charles H. Braud, Jr. Assistant Attorney General